UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD E. HARRIS,

        Petitioner,

v.                                                      Case No. 10-C-76

ANN KRUEGER,

        Respondent.

## ORDER

      Habeas petitioner Donald Harris filed a notice of appeal after the Court summarily dismissed his petition under Rule 4 of the Rules Governing § 2254 Cases. As a result of recent amendments to Rule 11 of the Rules Governing § 2254 Cases, the Court should have issued or denied a certificate of appealability at that time, as it entered "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. Because I did not make such a ruling in my earlier order, I now address whether a certificate of appealability should issue.

      The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

The sole basis for Harris's habeas petition is his claim that the affidavits upon which search warrants were issued in his criminal case were insufficient to support a finding of probable cause, so the evidence seized from these searches should have been suppressed under the exclusionary rule. In dismissing Harris's habeas petition, I noted that Harris's claim was foreclosed by *Stone v. Powell*, where the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 482 (1976) (footnote omitted). I concluded that based on the exhibits Harris submitted along with his petition, he had been provided a full and fair opportunity to litigate his Fourth Amendment claim in the Wisconsin courts. Because I do not find this a debatable issue, I will deny the certificate of appealability.

Harris has filed a motion to proceed *in forma pauperis* on appeal. Section 1915(a)(3) of Title 28 states that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

2

Although I have concluded that Harris fails to make a substantial showing of a denial of a constitutional right, the good faith standard is more lenient. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). While my conclusion that *Stone* bars the claim Harris brings here it is not a matter debatable among jurists, Harris could advance a nonfrivolous argument that the state courts in some way denied him a full and fair opportunity to litigate the issue, which would be an argument that would have at least some legal merit. I therefore conclude that the petitioner is entitled to proceed *in forma pauperis* on appeal.

**THEREFORE, IT IS ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Harris's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

**IT IS ALSO ORDERED** that a copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   12th   day of March, 2010.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
